1  Leonard M. Shulman – State Bar No. 126349
Lynda T. Bui – Bar No. 201002
2  Rika M. Kido – Bar No. 273780
**SHULMAN HODGES & BASTIAN LLP**
3  100 Spectrum Center Drive, Suite 600
Irvine, California 92618
4  Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
5  Email:    lshulman@shbllp.com; lbui@shbllp.com;
          rkido@shbllp.com
6
Attorneys for Helen R. Frazer,
7  Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

10

| | |
|---|---|
| 11   In re | Case No. 6:14-bk-25257-MJ |
| 12   **RODOLFO VARGAS** and **ALTAGRACIA VARGAS,** | Chapter 7 |
| 13           Debtor(s). | Adv. Case No. |
| 14 | **COMPLAINT FOR DECLARATORY RELIEF TO DETERMINE THE VALIDITY, EXTENT, AND PRIORITY OF THE DEFENDANT'S LIEN** |
| 15   **HELEN R. FRAZER, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Rodolfo Vargas and Altagracia Vargas,** | |
| 17           Plaintiff, | |
| 18   v. | |
| 19   **THE JOHN C. SALVATORE REVOCABLE LIVING TRUST EXECUTED ON FEBRUARY 7, 2006** | |
| 21           Defendant(s). | |

22

23

24

25

26

27

28

1

Z:\U-V\Vargas, Rodolfo & Altagracia\Adv\Pld\Complaint 001.doc
4966-000/85

Helen R. Frazer, solely in her capacity as the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") for the debtors herein, Rodolfo Vargas and Altagracia Vargas ("Debtors"), hereby brings this Complaint and respectfully complains and alleges as follows:

## I.    STATEMENT OF JURISDICTION AND VENUE

1.    This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(9) (a proceeding to obtain declaratory judgment).

2.    Plaintiff, as trustee, has standing to bring this action under 11 U.S.C. §§ 323 and 541.

3.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re Rodolfo Vargas and Altagracia Vargas*, Case No. 6:14-bk-25257-MJ on the Court's docket.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $18,675.00.

5.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) (determinations of the validity, extent, or priority of liens).  To the extent any related claims are determined not to be a core proceeding, the Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

## II.    PARTIES

6.    Plaintiff is the duly appointed, qualifying, and acting Chapter 7 Trustee for the Debtors' Estate, and brings the claims asserted herein in that capacity.

7.    Plaintiff is informed and believes and thereon alleges that the Defendant, The John C. Salvatore, Revocable Living Trust Executed on February 7, 2006 ("Defendant"), is and was at all relevant times located in Riverside County at 400 S. Romona Avenue, Suite 212, Corona, CA 92879.

///

**SHULMAN HODGES &**
**BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

2

Z:\U-V\Vargas, Rodolfo & Altagracia\Adv\Pld\Complaint 001.doc
4966-000/85

### III.  GENERAL ALLEGATIONS

8.    The Debtors filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on December 23, 2014 ("Petition Date").

9.    The Trustee is the duly appointed, qualified and acting Chapter 7 trustee in the Debtors' bankruptcy case.

10.    The Debtors' Bankruptcy Schedule A lists the real property located at 16651 Tracy Street, Victorville, California 92395 ("Property"), which is legally described as follows:

> Lot 139 and 140, Highway Addition to Victorville, in the City of Victorville, County of San Bernardino, State of California as shown by map on file in Book 23, Page(s) 45 and 46, of Maps, Records of San Bernardino County, California.

APN: 0477-051-02-0-000

11.    A second deed of trust was recorded against Property on January 24, 2007 in favor of "The John C. Salvatore, Revocable Living Trust Executed on February 7, 2006," Instrument No. 2007-0046133 ("Salvatore Lien").

12.    At their 341(a) Meeting of Creditors ("Meeting of Creditors"), the Debtors testified under oath that they had paid off the Salvatore Lien.

13.    On June 26, 2015, the Court entered the Order Granting Chapter 7 Trustee's Motion and (1) Approving the Sale of Real Property of the Estate Free and Clear of Liens Pursuant to Bankruptcy Code §§ 363(b)(1) and (f), Subject to Overbids, Combined with Notice of Bidding Procedures and Request for Approval of the Bidding Procedures Utilized; (2) Approving Payment of Real Estate Commission and Broker's Costs; and (3) Granting Related Relief, Docket No. 42 ("Sale Order").

14.    Pursuant to the Sale Order, the Trustee was authorized to sell the Property to Grant Karavardanyan for the sum of $173,000.00, free and clear of any and all liens, claims, interests pursuant to 11 U.S.C. § 363(b) and (g), with any and all liens, claims and interests attaching to the proceeds from the sale of the Property in the same priority, validity and scope as such liens, claims and interests currently exist.

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

Z:\U-V\Vargas, Rodolfo & Altagracia\Adv\Pld\Complaint 001.doc
4966-000/85

15.     Pursuant to the Sale Order, the Property was sold free and clear of the Salvatore Lien.  Specifically, the Sale Order provided that the Debtors testified under oath at their Meeting of Creditors that they had paid the Salvatore Lien in full.  Accordingly, if the Defendant confirms that no funds are owed on this lien, the Property would be sold fee and clear of the lien and the Salvatore Lien would not attach to the proceeds from the sale of the Property.  Alternatively, the Sale Order provided that if the Defendant asserts any funds are owed on the Salvatore Lien, the Salvatore Lien shall then be subject to a bona fide dispute, and pursuant to Bankruptcy Code Sections 363(b)(1) and (f)(4), the Property would be sold free and clear of the Salvatore Lien with such disputed encumbrance to attach to the proceeds of the sale in the same validity and priority as prior to the sale pending agreement with the creditor or further Court order.

16.     The Trustee is informed and believes that the Defendant does not have a copy of the original note underlying the Salvatore Lien.

17.     The Trustee is informed and believes that the Defendant has not retained its files regarding the Salvatore Lien.

18.     The Trustee is informed and believes that the Debtor, Rodolfo Vargas, went to the Defendant's office on or around June 2008, to provide the Defendant with a cashier's check to pay off the Salvatore Lien.

**FIRST CLAIM FOR RELIEF**

[Declaratory Relief to Determine Validity, Extent, and Priority of the Disputed Claims]

19.     Plaintiff hereby repeats, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20.     This is an action for equitable and declaratory relief brought pursuant to Federal Rule of Bankruptcy Procedure 7001(2), to determine the validity, extent, and priority of the Salvatore Lien.

21.     At their Meeting of Creditors, the Debtors testified under oath that they had paid off the Salvatore Lien.

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

Z:\U-V\Vargas, Rodolfo & Altagracia\Adv\Pld\Complaint 001.doc
4966-000/85

22.     The Trustee is informed and believes that the Debtor, Rodolfo Vargas, went to the Defendant's office on or around June 2008, to provide the Defendant with a cashier's check to pay off the Salvatore Lien.

23.     The Trustee is informed and believes that the Defendant does not have a copy of the original note underlying the Salvatore Lien.

24.     The Trustee is informed and believes that the Defendant has not retained its files regarding the Salvatore Lien.

**WHEREFORE**, the Trustee prays that this Court enter judgment against Defendant as follows:

1.      For a determination that the Salvatore Lien has either been paid off or is void and is thus of no further force and effect.

2.      Awarding the Trustee the costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

3.      For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

Dated: September 1, 2015          _/s/ Rika M. Kido_____
                                  Leonard M. Shulman
                                  Lynda T. Bui
                                  Rika M. Kido
                                  Attorneys for Helen R. Frazer, Chapter 7 Trustee

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

Z:\U-V\Vargas, Rodolfo & Altagracia\Adv\Pld\Complaint 001.doc
4966-000/85

FORM B104  (08/07)                                                                      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>HELEN R. FRAZER, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Rodolfo Vargas and Altagracia Vargas | DEFENDANTS<br>THE JOHN C. SALVATORE REVOCABLE LIVING TRUST EXECUTED ON FEBRUARY 7, 2006 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Shulman Hodges & Bastian LLP<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>T: 949-340-3400; F: 949-340-3000 | ATTORNEYS (If Known)<br>Unknown |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☑ Other |
| ☑ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR DECLARATORY RELIEF TO DETERMINE THE VALIDITY, EXTENT, AND PRIORITY OF THE DEFENDANT'S LIEN

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                        2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RODOLFO VARGAS and ALTAGRACIA VARGAS | | BANKRUPTCY CASE NO.<br>6:14-bk-25257-MJ |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISIONAL OFFICE<br>Riverside | NAME OF JUDGE<br>Honorable Meredith A. Jury |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Rika M. Kido | | |
| DATE<br>9/1/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Rika M. Kido, Esq.<br>Counsel for Helen R. Frazer, Chapter 7 Trustee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.